UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kirk A. C., | Case No. 2:22-cv-02140-DJA |
| Plaintiff, | |
| v. | **Order** |
| Martin O'Malley[1], Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Kirk A. C.'s motion for reversal and/or remand (ECF No. 16) and the Commissioner's countermotion to affirm (ECF No. 18). Plaintiff filed a reply. (ECF No. 20). Because the Court finds that the Administrative Law Judge's ("ALJ") assessed residual functional capacity ("RFC") lacks the support of substantial evidence and that the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's symptom testimony, the Court grants Plaintiff's motion for reversal and/or remand in part (ECF No. 16) and denies the Commissioner's countermotion to affirm (ECF No. 18). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

   ***A.      Procedural history.***

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on December 20, 2019, and January 6, 2020, alleging disability commencing December 9, 2019. (ECF No. 16 at 3). The Commissioner denied the claims by initial determination on March 25, 2020. (*Id.*). The Commissioner denied reconsideration on August 3, 2020. (*Id.*). Plaintiff requested a hearing before an ALJ on August 20, 2020. (*Id.*).

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

The ALJ issued an unfavorable decision on November 10, 2021. (*Id.*). Plaintiff requested review by the Appeals Council on December 30, 2021. (*Id.*). The Appeals Council denied that request on October 24, 2022, making the ALJ's decision the final decision of the Commissioner. (*Id.*).

### B. The ALJ decision.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (AR 20-53). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 9, 2019. (AR 23). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with a history of fusion and hardware removal and radiculopathy; fibrillation in the extremities; and mild, left peroneal nerve motor neuropathy/mild sensory motor polyneuropathy bilaterally. (AR 23). At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 25-26). In making this finding, the ALJ considered Listings 1.15, 1.16, 1.00E4, 1.00C6, 1.15D(3), 1.17, 1.18, 11.14, 11.00G3b. (AR 25-26).

At step four, the ALJ found that Plaintiff has a RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), "except the claimant can frequently use foot controls bilaterally; perform frequent handling and fingering bilaterally; is unable to climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; and frequently climb ramps or stairs and balance." (AR 26-27). At step five, the ALJ found Plaintiff incapable of performing any past relevant work but that Plaintiff could perform occupation such as the jobs of document preparer, escort vehicle driver, and addresser. (AR 39-40). Accordingly, the ALJ found that Plaintiff had not been disabled from December 9, 2019 through the date of decision. (AR 41).

## II. Standard.

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United

States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id*. The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.   Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing

and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she can do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing

evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

## IV. Analysis and findings.

### A. *Whether the RFC lacks the support of substantial evidence.*

#### 1. The parties' arguments.

Plaintiff argues that the ALJ's RFC lacks the support of substantial evidence because none of the medical opinion evidence in the record supports it and because Plaintiff's testimony indicates that he has a more restrictive RFC. (ECF No. 16 at 7). Plaintiff points out that the ALJ did not find any of the medial opinions persuasive. (*Id.* at 7-10). While the ALJ found Drs. S. Amon, Gupreet Chahal, and Eric Schmitter's opinions partially persuasive, Plaintiff points out that the ALJ "effectively rejected" those opinions by ultimately assessing Plaintiff to have a more limited RFC than the doctors' opinions would support. (*Id.*). Plaintiff adds that Drs. Amon and Chahal considered Plaintiff's records *before* Plaintiff's symptoms worsened and Plaintiff received four injections and surgery to remove hardware in his back and that Dr. Schmitter's review missed certain parts of the record. (*Id.*). The ALJ also found Dr. John Thalgott's opinion unpersuasive and rejected it. (*Id.*). Further, the ALJ did not consider Plaintiff's testimony about his limitations. (*Id.*). As a result, Plaintiff argues that the ALJ did not rely on any opinion evidence to create the RFC and thus improperly interpreted raw medical data into functional terms when creating the RFC. (*Id.*). For example, none of the doctors assessed manipulative limitations, but the ALJ nonetheless assessed that Plaintiff is limited to frequent handling and fingering bilaterally. (*Id.*).

The Commissioner responds that the ALJ was not required to adopt the limitations from any doctor, but was entitled to and required to develop the RFC based on the record as a whole. (ECF No. 18 at 5-9). The Commissioner argues that the ALJ did not per se "play doctor" because the ALJ assessed a more restrictive RFC than Drs. Amon, Chahal, and Schmitter. (*Id.* at 6). Instead, he resolved conflicts between medical opinions and the record. (*Id.* at 7). Regarding Plaintiff's argument that Drs. Amon and Chahal reviewed Plaintiff's records before his symptoms worsened, the Commissioner points out that the timing of these doctors' review was *why* the ALJ

only found their opinions partially persuasive. (*Id.* at 7). The Commissioner does not directly address Plaintiff's argument that Dr. Schmitter missed certain parts of the record, but points out that the ALJ only found his opinion partially persuasive because the evidence in the record was more consistent with sedentary work. (*Id.*). The Commissioner adds that the ALJ properly found that Dr. Thalgott's opinion was neither consistent with nor supported by the record. (*Id.* at 7-8). The Commissioner also points to portions of the record that support the ALJ's assessment of the medical opinions and RFC, arguing that the evidence constitutes sufficient evidence to support the ALJ's opinion. (*Id.* at 8-9).

Plaintiff replies that he never disputed that the ALJ is empowered to analyze the medical evidence. (ECF No. 20 at 3). Plaintiff argues that the ALJ did not do that here and instead interpreted raw medical data into functional terms. (*Id.* at 4). Plaintiff asserts that the medical records to which the Commissioner cites do not support the ALJ's conclusion that Plaintiff is restricted, but not to the point of disability. (*Id.* at 6). And while the Commissioner cites Plaintiff's activities of daily living as supporting the conclusion that Plaintiff was not disabled, Plaintiff asserts that the remainder of Plaintiff's testimony indicates that he cannot perform even sedentary work. (*Id.*). Plaintiff argues that the ALJ's failure to rely on substantial evidence to support the RFC means that the Court cannot meaningfully review the record and must thus reverse and direct the ALJ to reassess the RFC. (*Id.*).

    2.    <u>Analysis.</u>

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.* 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). While the ALJ is responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted).

Moreover, "the ALJ must use 'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; '[t]he ALJ may not simply draw his own inferences about [the claimant's] functional ability from medical reports.'" *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017), and citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)); *see also* POMS § DI 24510.001(A)(1) ("The RFC assessment [] is based primarily on medical evidence"). Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. *See Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *2-3 (D. Nev. Mar. 9, 2023) (compiling cases).

Here, the ALJ's manipulation RFC is not supported by substantial evidence because it is unclear how the ALJ translated the medical evidence into the RFC that Plaintiff is limited to frequent bilateral handling and fingering. As Plaintiff points out, none of the medical opinions that the ALJ addressed in determining the RFC contained a manipulation limitation. Instead, the ALJ appears to rely directly on medical records. (AR 26-39). However, it is not clear how the ALJ then reached the manipulation limitation of frequent bilateral handling and fingering. And the Commissioner did not address Plaintiff's argument on this point in response. This is not a harmless error because, as Plaintiff points out, a limitation to occasional handling and fingering (as opposed to frequent) would preclude the work that the vocational expert opined that Plaintiff could perform. (AR 64-66); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (explaining the harmless error doctrine that the ALJ's decision need not be remanded or reversed if "it is *clear* from the record that the ALJ's error was inconsequential to the ultimate nondisability determination") (internal quotations omitted) (emphasis added).

On the other hand, the Court is not convinced by Plaintiff's argument that, just because the ALJ reached a more restrictive RFC than the opinions he found partially persuasive that the remainder of the RFC was not supported by substantial evidence. Plaintiff provides no authority for the proposition that, by coming up with a more restrictive RFC, the ALJ "effectively rejected" medical opinions that assessed a less restrictive RFC. Plaintiff also does not provide authority to

support his argument that, just because Drs. Amon and Chahal reviewed the record early in the case their opinions should be rejected. Finally, the Court addresses Plaintiff's argument that the ALJ disregarded Plaintiff's testimony more fully below. Because the ALJ erred by assessing a manipulation RFC that was not supported by substantial evidence, the Court will remand the case to the agency for further proceedings. On remand, the ALJ must articulate the medical opinions from which he derived his manipulation limitations in the RFC or further develop the record with a medical opinion regarding Plaintiff's manipulation limitations.

### B. Whether the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony.

#### 1. The parties' arguments.

Plaintiff argues that, had the ALJ credited Plaintiff's testimony regarding his difficulty bending, limited handling capabilities, and limited sitting abilities, the ALJ would have found Plaintiff disabled. (ECF No. 16 at 13). Plaintiff first points out that the ALJ was required to articulate these reasons because the ALJ did not find evidence of malingering and because Dr. Schmitter's statement that Plaintiff is "likely" exaggerating his pain was suspicion at best. (*Id.* at 14). But Plaintiff argues that the ALJ did not articulate clear and convincing reasons for rejecting Plaintiff's testimony through either the ALJ's reliance on Plaintiff's activities of daily living or the medical records. (*Id.* at 15). Regarding Plaintiff's activities of daily living, those activities include taking care of his kids, letting pets outside, preparing simple meals daily, cleaning a little, doing some laundry, shopping for food, handling his own funds, watching television, spending time eating or watching movies with others, vacuuming for thirty to forty-five minutes, lifting up to ten pounds, looking after his children without help, picking up an air conditioner on one occasion, and going out of town. (*Id.* at 15). Plaintiff argues that those activities are minimal and that the ALJ did not explain why these activities either contradicted Plaintiff's testimony or were transferable to the workplace. (*Id.* at 15-17). Instead, the ALJ simply listed them without further explanation. (*Id.*). Plaintiff also points to the medical evidence and argues that the record contains abundant findings that support his testimony, including findings showing that his pain increased after surgery. (*Id.* at 17-18). Even if the record did not support his testimony, Plaintiff

argues that lack of corroboration from the medical evidence is not a clear and convincing basis to reject a claimant's testimony. (*Id.* at 17-18). Plaintiff thus argues that the Court should apply the credit-as-true test, reverse the ALJ's decision, and award benefits. (*Id.*).

The Commissioner responds that the ALJ appropriately found that Plaintiff's allegations were not fully consistent with the medical evidence and Plaintiff's daily activities. (ECF No. 18 at 11). The Commissioner points to portions of the medical record demonstrating normal ranges of motion, normal strength, improvement in pain, minor complaints, and mild antalgic gait that contradict Plaintiff's allegations of debilitating pain, extreme walking difficulty, and weakness. (*Id.*). The Commissioner also points out that Plaintiff's activities of daily living, even if they are not consistent with full time work, are inconsistent with the severity of symptoms Plaintiff alleged. (*Id.* at 12). The Commissioner argues that the ALJ relied more heavily on the medical opinions of Drs. Schmitter and the prior administrative medical findings of Drs. Amon and Chahal, as the ALJ was entitled to do. (*Id.* at 12-13). The Commissioner concludes that Plaintiff is simply arguing that the Court should emphasize an alternate set of facts. (*Id.*).

Plaintiff replies that the Commissioner did not respond to his argument that the ALJ did not cite any contradictions between his testimony and activities of daily living. (ECF No. 20 at 7-8). Regarding the medical evidence, Plaintiff argues that he cited medical evidence that is consistent with his testimony. (*Id.* at 8). And even if the ALJ was correct that Plaintiff's testimony was not fully supported by the medical evidence, that alone is not sufficient reason to reject Plaintiff's testimony. (*Id.*). Regarding the Commissioner's argument that the ALJ relied more heavily on Drs. Schmitter, Amon, and Chahal's opinions, Plaintiff points out that this is the same as the ALJ relying on the objective medical evidence and thus, the Commissioner's argument on this point is a *post hoc* rationale. (*Id.* at 8-9). In any event, Plaintiff reiterates that the ALJ "effectively rejected" these opinions and thus they cannot be the basis for the ALJ to have rejected Plaintiff's testimony. (*Id.*).

2. <u>Analysis.</u>

The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible. 42 U.S.C. § 423(d)(5)(A) (explaining that "[a]n individual's statement as

to pain or other symptoms shall not alone be conclusive evidence of disability" absent additional findings). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Because the "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," the agency must explain its reasoning. *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Treichler*, 775 F.3d at 1101. The Ninth Circuit thus requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1101 (citing *Bunnell*, 947 F.2d at 346 and *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). That means "[g]eneral findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (superseded on other grounds); *see Holohan*, 246 F.3d at 1208 (concluding "that the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of "the 'record in general'").

An ALJ must specifically identify the testimony he finds not credible and why. *Treichler*, 775 F.3d at 1102-103. "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review." *Id.* (internal quotations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.*

Here, the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. The ALJ was under an obligation to do so because he found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms

and did not find any evidence of malingering (and there is no evidence that he considered Dr. Schmitter's opinion to qualify as such). But the ALJ did not fulfill this obligation because he did not specifically identify the testimony he found not credible or the evidence that undermined it. Instead, he simply summarized Plaintiff's testimony, summarized Plaintiff's activities of daily living, and then summarized the medical record without explaining how or why Plaintiff's activities and medical records undermined his testimony. This was error. And this error was not harmless because the ALJ's path from summarizing Plaintiff's testimony and the evidence in the record to his conclusion that Plaintiff's testimony was not consistent with the record cannot reasonably be determined. Yet the Court cannot substitute its conclusions for the ALJ's nor speculate as to the grounds for the ALJ's conclusions.

### C. *The Court declines to reverse and order payment of benefits.*

When evaluating whether this case presents the "rare" and "extreme" circumstances justifying a reversal and remand for payment, the Court normally applies a three-step test. *Treichler*, 775 F.3d at 1100-01. Under this procedure, the Court first asks whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Id.* at 1100. Second, if the ALJ has erred, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. *Id.* at 1101. Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time. *Id.* Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate. *Id.* Third, if the Court finds that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." *Id.* But even when all three elements are satisfied, the decision whether to remand a case is in the Court's discretion. *Id.* at 1101-1102.

Here, the Court declines to reverse and remand for payment of benefits because this case does not constitute the rare and extreme circumstances that would justify it. Applying the three-step test, the Court has already found that the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony.[2] However, at the second step, there are significant factual conflicts in the record between Plaintiff's testimony and objective medical evidence. Plaintiff testified in October of 2021 that he could not bend over, needed help lifting his 25-pound daughter, could only walk for half a block, and could only sit for thirty minutes at a time. (AR 28, 74-81). However, after his hardware removal surgery on February 3, 2021, his records indicated that by June of 2021, he had a normal range of motion, felt well with no complaints, and had mild radiculopathy in the lower extremities and some improvement in his sciatica. (AR 32, 1204). In July, he admitted during treatment that his pain had increased after he picked up an air conditioner. (AR 33, 1202). But his examination remained the same as his June examination. (AR 33); *compare* (AR 1204) *with* (AR 1202). Additionally, although it is not clear that Plaintiff's activities of daily living are consistent with employment, they do appear somewhat inconsistent with his testimony. For example, although Plaintiff testified that he could not lift his daughter, he claimed to help get his children ready and at least on one occasion admitted to being their sole caregiver when his wife needed to go to work, which activities could have involved lifting his children. (AR 33, 75, 881). Additionally, in June of 2021, Plaintiff was able to travel out of town, which could have involved walking, sitting for long periods, and lifting items. (AR 34, 1204). This is thus not the case where the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding. Because the record raises questions as to the extent of Plaintiff's impairment given inconsistencies between his testimony and the evidence in the record, the Court remands the issues to the agency for further proceedings. Specifically, so that the ALJ can analyze the credibility of Plaintiff's pain and symptom testimony.

---

[2] Plaintiff only seeks reversal and remand for payment of benefits in connection with his argument that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony, not in connection with his argument that the RFC lacked the support of substantial evidence. The Court thus only addresses the symptom testimony arguments in considering these factors.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal and/or remand (ECF No. 16) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request that this case be remanded for further proceedings and denied in all other respects.

**IT IS FURTHER ORDERED** that this case be **remanded** for further proceedings to: (1) articulate the medical opinions from which the ALJ derived his manipulation limitations in the RFC or further develop the record with a medical opinion regarding Plaintiff's manipulation limitations; and (2) analyze the credibility of Plaintiff's pain and symptom testimony.

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 20) is **denied.** The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: January 19, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE